**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: YOUSIF H. HALLOUM, <br><br> Debtor. <br><br> ------------------------------ <br><br> YOUSIF H. HALLOUM, <br><br> Appellant, <br><br> v. <br><br> MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH; HILTON A. RYDER, U.S. Trustee, <br><br> Appellees. | No. 16-60059 <br><br> BAP No. 15-1291 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Taylor, and Jury, Bankruptcy Judges, Presiding

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Halloum's request for oral argument, set forth in his reply brief, is denied.

Yousif Halloum appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order allowing fees and expenses to Halloum's former counsel, and the BAP's order denying rehearing. We have jurisdiction under 28 U.S.C. § 158. We independently review the bankruptcy court's decision, *see Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 468 F.3d 592, 596 (9th Cir. 2006), and we affirm.

The bankruptcy court did not abuse its discretion in awarding fees to Halloum's former counsel on the basis of the parties' retainer agreement, because counsel testified that Halloum had signed the agreement and that the parties did not enter into a flat fee arrangement. *See Stahl v. Simon (In re Adamson Apparel, Inc.)*, 785 F.3d 1285, 1291 (9th Cir. 2015) ("Clear error exists when, although there is evidence to support the lower court's conclusion, the reviewing court is left with the definite and firm conviction that a mistake has been made." (citation and internal quotation marks omitted)).

We reject as without merit Halloum's arguments that the BAP and the bankruptcy court violated his due process rights.

Halloum's motion to file an oversize reply brief (Docket No. 18) is granted.

**AFFIRMED.**